Jesse Berkowitz, State Bar No. 291464
Jesse Berkowitz Law
803 Hearst Ave.
Berkeley, CA 94710
Telephone: 510-947-0300
Jesse@jesseberkowitzlaw.com

Attorney for Defendant
KENYATTA ROBERSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENYATTA ROBERSON,<br><br>Defendant. | CASE NO. 4:24-CR-00601-YGR-1<br><br>**KENYATTA ROBERSON'S SENTENCING MEMORANDUM**<br><br>Date: April 24, 2025<br>Time: 1:30 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers |
|---|---|

## I.     INTRODUCTION

Kenyatta Roberson has positive momentum. Unfortunately, his transformation came at the cost of a life-changing injury. However, he has six continuous months of full-time employment under his belt and concrete career goals in place. Moreover, he now fully understands that the type of criminal behavior that has been normalized throughout his life will ultimately result in incarceration, lifelong injury, and potentially death.

Mr. Roberson was raised in an unstable environment and witnessed violence from a young age. He suffered countless losses of friends and family members from gun violence and illness. His community collapsed around him, and he began to make poor choices. Mr. Roberson resorted to the type of criminal behavior that had plagued his community. He dealt with his trauma by ingratiating himself with the very people that were causing it. Then, on October 7, 2023, his life changed. An unknown assailant tried to murder Mr. Roberson. He was shot resulting in hospitalization, surgery, and intensive rehabilitation. He is still struggling with his injuries.

On May 3, 2024, he was arrested by federal agents and ultimately charged with possessing the firearm that he used to defend himself during the shooting. Since his arrest, and thanks to the support of federal pretrial services, Mr. Roberson has been steadily employed since October of 2024 through Five Keys. He has made concrete future employment plans as a truck driver. Most importantly, he is demonstrating the initiative necessary to change the trajectory of his life.

The defense submits that, under all the factors that this Court should consider, a downward variance to a time-served sentence is adequate to impress upon Mr. Roberson the seriousness of his conduct, as well as achieve the sentencing objectives of just punishment, rehabilitation, and deterrence, as listed in U.S.C. § 3553(a).

## II.    INDIVIDUAL BEFORE THIS COURT

### A. Personal Background

Mr. Roberson grew up in the Bay Area and was raised by his mother and grandmother. Presentence Report ("PSR") at ¶ 12. His father was in jail most of his youth. PSR ¶ 12. As a child, he saw his mother's boyfriend physically abuse her. PSR ¶ 12. Mr. Roberson also suffered child abuse. PSR ¶ 12. However, he downplayed the abuse that he suffered, characterizing it as being hit to "correct" him, resulting in marks and bruises. PSR ¶ 12. Given his tumultuous childhood, it is unsurprising that he

KENYATTA ROBERSON'S SENTENCING MEMORANDUM

1

scored 7 out of 10 in the Adverse Childhood Experiences Assessment. PSR ¶ 14.

Likely because of his childhood, Mr. Roberson went on to experience mental and emotional health conditions, including anxiety, depression, and post-traumatic stress disorder. PSR ¶ 14. He also struggled with alcohol and drug use. PSR ¶ 14-15. His life has been plagued with tragedy. He has lost many friends and family members in his life and has struggled to address the trauma. PSR ¶ 12-13. He has also been a caretaker at various times, quitting his job to take care of his grandmother. PSR ¶ 13.

His job history had been somewhat unstable. However, with the firm guidance of federal pretrial services, he has been continuously employed at Five Keys since October of 2024. PSR ¶ 15; Exhibit A, Letter from Five Keys. He wakes up early every morning to go to work. Given the state of his injuries, Mr. Roberson easily could have postponed his job search until after his case. However, he was eager to get on the right track and prove that he is someone who can become a law-abiding citizen.

### B. The Offense Conduct

Mr. Roberson was shot on October 7, 2023, causing significant injuries to him. PSR ¶ 3-4. He returned fire. PSR ¶ 3-4. On May 1, 2024, law enforcement searched an apartment that he had been visiting and found the firearm that Mr. Roberson used in the shooting as well as several other firearms. PSR ¶ 4. Mr. Roberson told police that he would "take the case" for anybody in the house. PSR ¶ 4. He has now pled guilty to possessing the firearm that he used in the shooting on October 7, 2023. Mr. Roberson has acknowledged responsibility, telling probation, "I regret it. I let my friends and family down," "I thought I needed a gun to protect myself. I was wrong." PSR ¶ 5.

### III.   LEGAL STANDARD

A sentencing court must impose a sentence that takes account of the factors enumerated in 18 U.S.C. § 3553(a). In particular, a court must fashion a sentence that is "sufficient, but not greater than necessary," to serve the purposes of sentencing set forth in the statute. 18 U.S.C. § 3553(a)(2); *see Kimbrough v. United States*, 522 U.S. 85, 111 (2007). As the Supreme Court explained, "[t]he overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *United States v.*

KENYATTA ROBERSON'S SENTENCING MEMORANDUM

2

*Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (citing 18 U.S.C. § 3553(a)).

The Sentencing Guidelines are just one factor among many a court must consider at sentencing, *United States v. Ressam*, 593 F.3d 1095, 1117-18 (9th Cir. 2010), and the Court "may not presume that the Guidelines range is reasonable." *Carty*, 520 F.3d at 991. The Court must make an individualized assessment and fashion a sentence that reflects the particulars of the offense and the unique characteristics of the offender. *Ressam*, 593 F.3d at 1117-18.

In undertaking this analysis, this Court must examine the factors unique to the defendant, namely, his good conduct, hard work, and commitment to family obligations—as those factors are highly relevant to determining whether a particular sentence is reasonable and not greater than necessary. *See, e.g., United States v. Ruff,* 535 F.3d 999, 1001, 1003 (9th Cir. 2008) (history of strong employment, family support).

### IV.  ANALYSIS PURSUANT TO SECTION 3553(a) AND SENTENCING RECOMMENDATION

Mr. Roberson is not a lost cause. He is someone that, with firm guidance, can change. While he has had various jobs throughout his adult life, he has never shown the type of commitment that he is now demonstrating on pretrial release. Exhibit A. Every morning, he wakes up early, goes to work, then returns home. It's normal. It's not exciting, but it is stable. His performance on pretrial release should give the Court assurances that Mr. Roberson's worst days are behind him.

His transformation did not begin, in earnest, after being shot -- he has now pled guilty to possessing a handgun months after his injury. Intervention from authorities was necessary. This is Mr. Roberson's first federal case, and he has greatly benefited from the guidance and structure of federal pretrial services. He now understands that moving on from his previous life requires relying on a support system.

His dedication to his rehabilitation is evident in his hard work at Five Keys. Exhibit A. Not only does he work full-time in his current job but also meets with his program coordinator on a "regular basis to actively seek permanent work opportunities, with a particular focus on obtaining employment in the truck driving industry." Exhibit A.

Mr. Roberson's reason for rehabilitation is to be present for his son and his fiancé. While he was

at the residential re-entry center, he was unable to see his son. This was extraordinarily painful for Mr. Roberson. However, it was a reminder that breaking the law negatively impacts him as well as his son. Family is everything to Mr. Roberson. He cares deeply for his child, his sisters, his nieces and nephews, and his mother. Exhibit B, Letter from Shadawn Bivings. He wants to be present for them, but he knows that he can only do that if he lives the right way. He respectfully asks the Court to give him the opportunity to prove that he has evolved as a person.

We respectfully urge the Court to impose a sentence of credit for time and a form of supervision deemed appropriate by the Court. He has served six actual days – he was arrested on May 3, 2024, and remained in jail for six days before being released to a residential reentry center on May 9, 2024. PSR ¶ 3. Mr. Roberson recognizes that his requested sentence is a significant downward variance from the guidelines. He has a criminal history category of III. PSR ¶ 3. With an offense level of 19, his guidelines are 37 months to 46 months. PSR ¶ 16. This calculation assumes the imposition of a USSG §2K2.1(a)(4)B) enhancement for possession of three or more firearms. PSR ¶ 5. Assuming an offense level of 17 without the imposition of a USSG §2K2.1(a)(4)B), his guidelines are 30-37 months. Probation is recommending a sentence of 30 months. PSR ¶ 23. The Government is recommending 24 months. PSR ¶ 24. Therefore, Mr. Roberson's requested sentence is significantly lower than both the Government and Probation, which are both already recommending a downward variance.

There are several reasons why we believe that the Court should sentence Mr. Roberson to credit for time served and allow him to continue his positive trajectory without further incarceration. First, Mr. Roberson has been punished. He remained in the residential reentry center for almost ten months until March 5, 2025. PSR ¶ 3. Therefore, he has effectively been in detention for almost one year. While at the reentry center, he was unable to see his family, including his son with limited exceptions. Second, he was significantly injured during the incident which ultimately led to Mr. Roberson's federal case. His injuries required surgery, hospitalization, and rehabilitation. PSR ¶ 14. He needed to learn to walk again. PSR ¶ 13. He is still struggling. Mr. Roberson's situation serves as a cautionary tale for those considering illegal firearm possession. Finally, and most importantly, he has demonstrated resilience in the face of this hardship. Despite his daily pain and difficulty walking, he has held down a job that requires physical labor. He has perfect performance on pretrial release and has been rewarded with several reductions in

KENYATTA ROBERSON'S SENTENCING MEMORANDUM

4

his level of supervision. With each step down, he has proven that he will comply.

He fully accepts responsibility for his wrongdoing and is remorseful for his actions. He is not asking the Court to reward him merely for abiding by the terms of his pretrial release. However, his dedication to his employment demonstrates his commitment to a different life than the one he previously lived. He is eager to prove to the Court that, with steady guidance, he can begin a law-abiding life.

## CONCLUSION

For the foregoing reasons, Mr. Roberson respectfully requests that this Court impose the recommended sentence of time served, a form of supervision deemed appropriate by the Court, and all the continued counseling conditions.

Dated: April 16, 2025                                         Respectfully submitted,

/s/_____
Jesse Berkowitz
Attorney for Kenyatta Roberson

KENYATTA ROBERSON'S SENTENCING MEMORANDUM

5

**EXHIBIT A**

KENYATTA ROBERSON'S SENTENCING MEMORANDUM

6



Ebony Spears
Transition Coordinator
Five Keys
1099 Sunnydale Ave.
San Francisco, CA 94134

To Whom It May Concern,

I am writing this letter in support of Mr. Kenyatta Roberson, who is currently a participant in our Transitional Employment Program at Five Keys. I have had the opportunity to work closely with Mr. Roberson during his time in the program as his case manager, and I can confidently speak to his character, dedication, and strong work ethic.

Since joining the program, Kenyatta has demonstrated a genuine commitment to improving his life circumstances and pursuing stable, long-term employment. He works with me on a regular basis to actively seek permanent work opportunities, with a particular focus on obtaining employment in the truck driving industry. Kenyatta has shown enthusiasm for, and has taken proactive steps toward meeting the necessary requirements, including researching training programs and undergoing the screening process to have the schooling funded through community programs. Unfortunately, Kenyatta has faced significant challenges due to a pending legal matter, which has served as a major barrier to his ability to secure full-time employment in his desired field. Despite this obstacle, he has not allowed it to deter his progress, and continues to attend his appointments at my office with a positive attitude.

Within our program, Kenyatta has consistently gone above and beyond. He has been dependable, punctual, and hardworking—qualities that have not gone unnoticed by our staff. In fact, he was specifically selected to join one of our more physically demanding and high-responsibility crews, a decision based on his reliability, strong performance, and respectful demeanor. Kenyatta is a clear example of someone who is motivated to turn his life around. He possesses the determination and work ethic needed to succeed once the barriers currently in place are lifted. I believe that resolving his pending case will significantly improve his opportunities and allow him to reach his full potential.

If you require any further information, please do not hesitate to reach using the information provided below.

Sincerely,

*E. Spears*

Ebony Spears

1099 Sunnydale Ave. SF, CA 94134     (415) 417-4355     ebonys@fivekeys.org

# EXHIBIT B

Case 4:24-cr-00601-YGR   Document 64   Filed 04/16/25   Page 9 of 10

To Whom it may concern

I am ShaDawn Bivings' oldest sister to Kenyatta Roberson. My brother, like many people, has his ups and downs but he often manages to keep a good spirit and a positive outlook. Family is a priority for him, and he always tried to be the leader of the family even though he was the youngest, "my little Big brother" my sister and I call him. I have had the pleasure of witnessing his spiritual growth even more in recent years and I am very proud of who he is as a man and especially as a father.

I can attest to how much his son needs, wants, and loves having him around. Just this past weekend we attended my nephew's baseball game; this was my first time but apparently not my brothers. All the parents and children knew him and were happy to see him there. My nephew's team won and the first thing my nephew did was run to his dad smiling and hugging him, like the rest of us weren't standing there, including his mom. That moment spoke of the true value of having an actively present dad in a child's life and how much my brother loved being there.

My brother is, in my opinion, a man of good character and values, who loves his family and is growing in maturity and faith everyday. I have no doubt that it will continue because he has an entire family that loves, supports and appreciates him.

Thank you for taking the time to read this letter on his behalf.

ShaDawn Bivings

Shadawn61@gmail.com