PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONAH P. ROSS (CABN 305076)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    jonah.ross@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:24-cr-00601 YGR |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | Date: April 24, 2025 |
| KENYATTA ROBERSON, | Time: 1:30 p.m. |
| Defendant. | |

## INTRODUCTION

In May of 2024, agents located three firearms—including two semiautomatic AR-style pistols and one semiautomatic Smith & Wesson M&P 9mm pistol—in the bedroom of Defendant Kenyatta Roberson, a man with two prior felony firearm convictions. Defendant has pleaded guilty in the instant case to being a felon in possession of the Smith & Wesson pistol, in violation of 18 U.S.C. § 922(g)(1).

For the reasons set forth below, the Government requests that the Court sentence Defendant to 24 months imprisonment, a three-year term of supervised release (with the conditions recommended by probation and set forth in the plea agreement), a $100 special assessment, and order forfeiture of the firearms and ammunition seized.

# BACKGROUND

## I. Offense Conduct

On October 7, 2023, Defendant was involved in a shootout on the streets of Oakland, CA. Defendant and another man exchanged words, and then the other man shot and injured Defendant. Defendant, who was carrying a pistol, fired back at the other man. *See* Presentence Investigation Report ("PSR") ¶ 6.

On May 1, 2024, law enforcement personnel with the Bureau of Alcohol, Tobacco, Firearms, and Explosives and the Oakland Police Department executed a federal search warrant at an apartment in San Leandro, CA, and found Defendant in the apartment. *Id*. at ¶ 7. In the apartment's only bedroom, agents located three firearms: a privately made AR-style .223 caliber pistol, loaded with 10 rounds of ammunition; an Anderson Manufacturing AM15 .223 caliber AR-style pistol, loaded with 30 rounds of ammunition; and a Smith & Wesson M&P 9C 9mm pistol, loaded with nine rounds of ammunition. *Id.* Agents also located and seized a duffel bag containing 1.8 kilograms of suspected marijuana. *Id.*

## II. Criminal History

Defendant has suffered the following convictions as an adult:

- 2022: Cal. Veh. Code §§ 23103-23103.5 ("wet" reckless driving);
- 2018: Cal. Pen. Code § 29800(a)(21) (felon/addict in possession of firearm);
- 2011: Cal. Pen. Code § 496 (receipt of stolen property); and
- 2009: Cal. Pen. Code § 12031(a)(1) (carrying loaded firearm).

## III. Procedural Posture

On May 3, 2024, the Government charged Defendant via complaint with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. 1. The Government sought pretrial detention for Defendant, but on May 9, 2024, the Honorable United States Magistrate Judge Donna M. Ryu released Defendant on a bond and imposed various conditions. Dkt. 10. On December 10, 2024, the government filed an Information charging Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. 47. On December 11, 2024, Defendant waived indictment and was arraigned on the Information. Dkt. 48. On January 16, 2025, pursuant to a plea agreement, Defendant pleaded guilty to the charge against him. Dkt. 56-57. The

Government agreed to recommend a sentence of not more than 24 months in custody. Dkt. 57.

**ARGUMENT**

**I.      Legal Standard**

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court is to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include (among other factors):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**II.     Sentencing Guidelines Calculation**

As set forth in the PSR and the plea agreement, the Sentencing Guidelines calculations for Defendants offense level is as follows:

|  | U.S.S.G. Section | Level/Points |
|---|---|---|
| Base offense level | § 2K2.1(a)(4)(B) – semiautomatic firearm capable of accepting large capacity magazine and prohibited person | 20 |
| Specific offense characteristics | § 2k2.1(b)(1)—3-7 firearms | +2 |
| Acceptance of responsibility | §3E1.1(a) and (b) | -3 |
| Total offense level |  | 19 |

PSR ¶¶ 13-22; Dkt. 57 at ¶ 7.  (As the Plea Agreement stated, the parties reserved the right to argue the applicability of U.S.S.G. § 2k2.1(b)(1).  Dkt. 57 at ¶ 7.)

The Probation Officer concluded that Defendant's criminal history score is five, and he therefore falls into Criminal History Category III.  *Id.*, ¶ 31.  As reflected in the PSR, the Guidelines range for imprisonment associated with adjusted offense level 19 and Criminal History Category III is 37-46 months of incarceration.  *Id.*, ¶ 71.  The Probation Officer recommends a 30-month sentence.  *Id.* at Sentencing Recommendation.

### III. The United States' Sentencing Recommendation

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the Government respectfully recommends a custodial sentence of 24 months—a downward variance of 13 months from the applicable guidelines range—to be followed by a three-year term of supervised release.  Consistent with 18 U.S.C. § 3553(a), such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense and to provide specific deterrence given Defendant's criminal history, but also to account for relevant mitigating factors.

Defendant's conduct here is dangerous, and the offense he committed is serious.  That—following his involvement in a shootout—Defendant appears to have stockpiled multiple loaded firearms, including two AR-style pistols, is highly concerning regarding his intention of using the firearms.  And it is even more concerning that the instant case represents Defendant's third felony conviction for unlawful possession of firearms.  Although Defendant's previous convictions were for state-level offenses, he understood he could not lawfully possess any firearms.  Specific deterrence is necessary in this case and underscores the need for a custodial sentence.

Nonetheless, the government agrees with the PSR that a variance is justified by the factors listed in § 3553, most notably the history and characteristics of the defendant.  As the PSR details, Defendant has faced considerable challenges throughout his life:  He witnessed and was the victim of domestic abuse as a child and has lost loved ones to gun violence.  PSR ¶¶ 49-50.  As a result of the gunshot wounds he suffered in October of 2023, Defendant needed to relearn how to walk and still struggles with pain.  *Id.* at 56.  Lastly, the Government recognizes that Defendant has performed well while on pretrial release, during which he was (and remains) actively employed.  *Id.* at 64.  Defendant has engaged in

mental health counseling and has expressed a desire to continue this counseling. *Id*. at 57. The government is hopeful Defendant will avail himself of available treatment options, as recommended by probation. PSR at Sentencing Recommendation.

## CONCLUSION

For the foregoing reasons, the government recommends that the Court sentence Defendant to 24 months in prison, followed by a three-year term of supervised release.

DATED:  April 17, 2025                                                    Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

_____/s/_____
JONAH P. ROSS
Assistant United States Attorney